L77PROMD

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JOSUE ROMERO,

              Plaintiff,

        v.                              20 CV 7422 (JMF)
                                        Telephone Decision
ADAGIO TEAS, INC.,

              Defendant.

------------------------------x
                                        New York, N.Y.
                                        July 7, 2021
                                        3:18 p.m.
Before:

                HON. JESSE M. FURMAN,

                                        District Judge

            APPEARANCES VIA TELECONFERENCE

COHEN & MIZRAHI, LLP
     Attorneys for Plaintiff
BY:  JOSEPH H. MIZRAHI
     WILLIAM DOWNES

LAW OFFICES OF LAURA E. NEISH
     Attorneys for Defendant
BY:  LAURA ELIZABETH NEISH
```

1                (The Court and all parties appearing telephonically)

2                THE COURT:  Good afternoon.  This is Judge Furman.

3                (Case called)

4                Before I take appearances from counsel, a couple of
5     reminders.  No. 1, please mute your phones, if you can, to
6     ensure there's no background noise distraction.  Remember to
7     unmute if or when you want to say something.  When you say
8     something, make sure that what you first say is your name so
9     the court reporter and I are clear on who is speaking.
10    Reminder, this is a public conference as it would be if we were
11    in open court, and a reminder that no one may record or
12    otherwise rebroadcast the conference.

13               I have a court reporter here, given the decision that
14    I plan to render on the motion, but once I'm done with that,
15    unless counsel believes that we should remain on the record,
16    I'd be prepared to go off the record, but we can revisit that
17    in short order.

18               Let me take appearances, beginning with counsel for
19    plaintiff.

20               MR. MIZRAHI:  Good afternoon, your Honor.  This is
21    Joseph Mizrahi for plaintiff.  I'm joined by my colleague,
22    William Downes.

23               MR. DOWNES:  Good afternoon, your Honor.

24               THE COURT:  Good afternoon.

25               And counsel for defendant?

1    MS. NEISH:  Good afternoon, your Honor.  Laura Neish
2 from the Law Offices of Laura E. Neish for defendant.
3    THE COURT:  Good afternoon to you.  Ms. Neish, I have
4 you listed as Zuckerman, Spaeder.  Are you no longer with that
5 firm?
6    MS. NEISH:  I'm no longer with them, and I have
7 reached out to ECF help desk to try to get that corrected.  I
8 was able to update it through Pacer, but it is not, for some
9 reason, updating through the Southern District website; so I'm
10 going to follow up with them about that.
11    THE COURT:  If you can make sure that the information
12 is accurate, that will be helpful, and contact the help desk if
13 you need.
14    All right.  I will start with my decision on the
15 motion.  My bottom-line order on June 25th, 2021, I denied
16 defendant's 12(b)(1) motion for reasons that I would explain
17 today.  The motion raised two intertwined arguments.  First,
18 the plaintiff's claim is moot; and second, that plaintiff lacks
19 standing because he failed to suffer a past injury or a threat
20 of repeated injury.  See, for example, *Friends of the Earth,*
21 *Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S.
22 167, 170 (2000).  It describes mootness as "the doctrine of
23 standing set in a time frame").
24    The mootness argument can swiftly be rejected.  For
25 one thing, the case generally becomes moot when "the issues in

dispute between the parties are no longer live." *Lillbask ex rel. Mauclair v. State of Connecticut Department of Education*, 397 F.3d 77 at 84 (2d Cir. 2005). That is, as Adagio's own brief acknowledges, mootness is based on "intervening circumstances," that is, developments after the filing of the complaint. That comes from pages 6 to 8 of Adagio's brief.

Here, unlike in many ADA cases litigated on mootness grounds, defendant does not argue that it altered, let alone remedied, its website after the plaintiff filed suit. Instead, it argues that the website, as it existed on the day plaintiff allegedly visited it in August 2020, before the filing of the complaint, that it posed no barriers to the plaintiff's access. That argument is more of a standing argument than a mootness argument.

In any event, whether construed as a standing argument or a mootness argument, the argument cannot be resolved at this juncture. First, I will not entertain Adagio's argument to the extent that it relies on plaintiff's IP address, which was obtained in the context of the court-annexed mediation. See page 4 and note 3 of defendant's brief, which is at ECF No. 20. See also, ECF No. 21, paragraph 7.

The rules and procedures governing the court-annexed mediation program, which are available on the court's website, make crystal clear that that communication was to be confidential, and I presume that Adagio signed the standard

1    agreement to that effect, as is customary.  In light of that,
2    the use of the IP address at this stage of the proceedings was
3    demonstrably inappropriate, and I will not consider it.  The
4    fact that the IP address would be subject to discovery later in
5    the proceeding is immaterial.
6              Second, and in any event, there is clearly a factual
7    dispute as to whether defendant's website contains the barriers
8    that plaintiff alleges it does.  Both sides have submitted
9    affidavits arguing opposite sides of this factual question.
10   Defendant's defense, therefore, is "properly tested in
11   discovery and at summary judgment or trial."  Indeed, the
12   competing affidavits "reinforce the conclusion that discovery
13   is necessary to determine defendant's compliance with the ADA
14   or lack thereof."  *Del-Orden v. Bonobos, Inc.*, 2017 Westlaw
15   6547902 at page 13 (S.D.N.Y. December 20, 2017).  See generally
16   *London v. Polishook*, 189 F.3d 196, 198 to 199 (2d Cir. 1999),
17   which stated that "where jurisdiction is so intertwined with
18   the merits that its resolution depends on the resolution of the
19   merits, the trial court should employ standard applicable to a
20   motion for summary judgment," such that it "should dismiss such
21   a claim for lack of jurisdiction only if there are no triable
22   issues of fact."
23             The cases cited by Adagio, where courts dismissed for
24   want of subject matter jurisdiction after a defendant argued,
25   and plaintiffs did not challenge, that their websites were in

1   compliance with the ADA are, thus, distinguishable.

2   　　　　See, for example, *Rizzy v. Hilton Domestic Operating*
3   *Company, Inc.*, 2020 Westlaw 7000356 at page 6 (E.D.N.Y.
4   August 11, 2020), which granted a motion to dismiss as moot
5   where "plaintiff has not come forward with a shred of evidence
6   to suggest that defendant's remedial actions have not corrected
7   any issues with their websites," which was adopted at 2020
8   Westlaw 6253713; and *Diaz v. Kroger Company,* 2019 Westlaw
9   2357531 at page 4, (S.D.N.Y. June 4, 2019), reaching the same
10  conclusion where "plaintiff did not dispute the factual
11  assertions defendant's affiant made regarding defendant's
12  efforts at ADA compliance."

13  　　　　For those reasons the motion remain was and remains
14  denied.  That is my ruling.

15  　　　　As I said, I'm happy to go off the record and proceed
16  with the initial conference or we can remain on the record if
17  counsel thinks that is appropriate.

18  　　　　Let me check with you, Mr. Mizrahi?

19  　　　　MR. MIZRAHI:  I'm okay, your Honor, with getting off
20  the record at this point.  Thank you.

21  　　　　THE COURT:  Ms. Neish?

22  　　　　MS. NEISH:  That's also fine with us.  Thank you.

23  　　　　THE COURT:  Great.  In that case, we'll go off the
24  record.  Rose, I thank you for your time here, and you're free
25  to go.  Thank you.

1            THE REPORTER:  Thank you, your Honor.

2            THE COURT:  Have a good day.

3            (Adjourned)