IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
: 
RAMON JAQUEZ, on behalf of himself :
and all others similarly situated, : Civil Action No. 1:21-cv-02431-JMF
:
Plaintiff, :
:
v. : **ANSWER TO FIRST AMENDED**
: **CLASS ACTION COMPLAINT**
DORM COMPANY CORPORATION, :
:
Defendants. :
:
:
---------------------------------------------------------X

Defendant, Dorm Company Corporation, ("Defendant") through its attorneys Pitchayan & Associates, P.C. states in Answer to Plaintiff's First Amended Class Action Complaint ("Complaint") as follows:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Defendant makes no answer to Paragraph 1 of Plaintiff's Complaint, as it requires a legal conclusion.

2. Defendant makes no answer to Paragraph 2 of Plaintiff's Complaint, as it requires a legal conclusion.

3. Defendant makes no answer to Paragraph 3 of Plaintiff's Complaint, as it requires a legal conclusion.

**NATURE OF THE ACTION**

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 4 of the Complaint and, on that basis, deny them.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 5 of the Complaint and, on that basis, denies them.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 6 of the Complaint and, on that basis, denies them.

7. Defendant admits that internet is used for many day-to-day activities and otherwise Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 7 of the Complaint and, on that basis, denies them.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 8 of the Complaint and, on that basis, denies them.

9. Defendant admits that blind and visually impaired people have the ability to access websites using screen-reading software, and otherwise Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 9 of the Complaint and, on that basis, denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 10 of the Complaint and, on that basis, denies them.

11. Defendant refers to the Web Content Accessibility Guidelines for their content and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 11 of the Complaint and, on that basis, denies them.

12. Defendant denies the allegation asserted in paragraph 12 of Plaintiff's Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 13 of the Complaint and, on that basis, denies them.

## JURISDICTION AND VENUE

14. Defendants make no answer to Paragraph 14 of Plaintiff's Complaint, as it requires a legal conclusion and, on that basis, deny them.

15. Defendants make no answer to Paragraph 15 of Plaintiff's Complaint, as it requires a legal conclusion and, on that basis, deny them.

16. Defendants make no answer to Paragraph 16 of Plaintiff's Complaint, as it requires a legal conclusion and, on that basis, deny them.

## THE PARTIES

17. Defendant denies that it possesses knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 18 of the Complaint and, on that basis, denies them.

19. Defendant admits the allegation contained in Paragraph 19 of Plaintiff's Complaint to the extent that Defendant is a New York Corporation.

20. Defendant admits the allegation contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant makes no answer to Paragraph 21 of Plaintiff's Complaint, as it requires a legal conclusion.

## FACTUAL ALLEGATION

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 22 of the Complaint and, on that basis, denies them.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegation contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegation contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegation contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegation contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 28 of the Complaint and, on that basis, denies them.

29. Defendant denies the allegation contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 30 of the Complaint and, on that basis, denies them.

31. Defendant denies the allegation contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegation contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegation contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegation contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegation contained in Paragraph 35 of Plaintiff's Complaint because Defendant's Website is equally accessible to all.

36. Defendant denies the allegation contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegation contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegation contained in Paragraph 38 of Plaintiff's Complaint.

## **CLASS ACTION ALLEGATION**

39. Defendant makes no answer to Paragraph 39 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies these allegations.

40. Defendant makes no answer to Paragraph 40 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies these allegations.

41. Defendant makes no answer to Paragraph 41 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies these allegations.

42. Defendant makes no answer to Paragraph 42 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies these allegations.

43. Defendant makes no answer to Paragraph 43 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies these allegations.

44. Defendant makes no answer to Paragraph 44 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies these allegations.

45. Defendant makes no answer to Paragraph 45 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies these allegations.

### FIRST CAUSE OF ACTION
(Violation of the ADA, 42 U.S.C. § 12181 *et seq.*)

46. Defendant repeats and realleges each of its responses to all Paragraphs above of Plaintiff's Complaint as if set forth at length herein.

47. Defendant makes no answer to Paragraph 47 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant refers to the cited statute for its content.

48. Defendant makes no answer to Paragraph 48 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant refers to the cited statute for its content.

49. Defendant makes no answer to Paragraph 49 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant refers to the cited statute for its content.

50. Defendant makes no answer to Paragraph 50 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant refers to the cited statute for its content.

51. Defendant makes no answer to Paragraph 51 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant refers to the cited statute for its content.

52. Defendant makes no answer to Paragraph 52 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies these allegations.

53. Defendant makes no answer to Paragraph 53 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION
### (Violation of the NYCHRL)

54. Defendant repeats and realleges each of its responses to all Paragraphs above of Plaintiff's Complaint as if set forth at length herein.

55. Defendant makes no answer to Paragraph 55 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant refers to the cited statute for its content.

56. Defendant makes no answer to Paragraph 56 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant refers to the cited statute for its content.

57. Defendant makes no answer to Paragraph 57 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant refers to the cited statute for its content.

58. Defendant makes no answer to Paragraph 58 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies these allegations.

59. Defendant makes no answer to Paragraph 59 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant refers to the cited statute for its content.

60. Defendant makes no answer to Paragraph 60 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies these allegations.

61. Defendant denies the allegation contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegation contained in Paragraph 37 of Plaintiff's Complaint because Defendant was/is never engaged in discriminatory conduct.

63. Defendant denies the allegation contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant makes no answer to Paragraph 64 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies that Plaintiff is entitled to any relief whatsoever.

65. Defendant denies the allegation contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant makes no answer to Paragraph 66 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## THIRD CAUSE OF ACTION
### (Declaratory Relief)

67. Defendant repeats and realleges each of its responses to all Paragraphs above of Plaintiff's Complaint as if set forth at length herein.

68. Defendant makes no answer to Paragraph 68 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies that Plaintiff is entitled to any relief whatsoever.

69. Defendant makes no answer to Paragraph 69 of Plaintiff's Complaint, as it requires a legal conclusion. To the extent any allegations of this Paragraph are deemed to require a response, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each of the Counts contained therein, fail to state a claim upon

which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant has not engaged in any intentional nor did Defendant intend to prevent or inhibit access to the Website.

## THIRD AFFIRMATIVE DEFENSE

Defendant has not denied Plaintiff or any other person access to the Website.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim are barred by the doctrine of estoppel and he has waived the right to seek relief from Defendant as he failed to request accommodation or access from the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue these claims because he cannot prove an injury in fact.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each Count thereof, are barred by the applicable statute(s) of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

The damages of which Plaintiff complains, if any, are a result of his own actions or inactions.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by her failure to mitigate his damages, if any.

## NINTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted in good faith and in full compliance with their understanding as to all state and federal laws.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and barred by his own conduct from recovering any relief.

### ELEVENTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff fails to state a cognizable claim for attorneys' fees or costs.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant does not waive and hereby expressly reserves the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis thereof.

### PRAYER FOR RELIEF

WHEREFORE, Defendant requests judgment dismissing the Complaint against it with prejudice, together with its attorneys' fees and costs and such other relief as the Court deems appropriate.

DATED: August 18, 2021

    Pitchayan & Associates, P.C.
    Attorneys for Defendant

    By:   /s/ Pat B. Pitchayan
         Pat B. Pitchayan, Esq.

## VERIFICATION

STATE OF TN )

COUNTY OF Sumner )

I, Jeff Gawronski, being duly sworn, depose and say:

That I am the CEO of Dorm Company Corporation, Defendant in the within action. In my professional capacity, I have access to the business records of the Defendant related to the subject matter of this action, maintained in the ordinary course of its regularly conducted business activity. I make this verification upon my personal knowledge and review of the aforementioned records. I have read the foregoing annexed Answer with Affirmative Defenses. I know the contents thereof, and that the same is true to my knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.

Dorm Company Corporation
By Jeff Gawronski as CEO

Sworn to and subscribed before me
On this 11 day of ~~July 2020~~.
August 2021.

NOTARY PUBLIC

[Notary seal: LOGAN R BROWN, STATE OF TENNESSEE NOTARY PUBLIC, SUMNER COUNTY]

My Commission Expires
April 23, 2024

## CERTIFICATE OF SERVICE

This is to certify that on August 19, 2021, a copy of the foregoing was filed and served via NYSD-ECF to the following:

Yitzchak Zelman, Esq.
Marcus & Zelman, LLC
*Attorneys for Plaintiff*
701 Cookman Avenue, Suite 300
Asbury Park NJ 07712

By: /s/ Pat B. Pitchayan

Pat B. Pitchayan, Esq.